UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


KELLY BRYANT,

                Plaintiff,

                                        Case No. 3:22-CV-00201-YY

     v.

                                          OPINION AND ORDER

ALLSTATE INDEMNITY COMPANY,

                Defendant.


YOU, Magistrate Judge.

      Plaintiff Kelly Bryant brings this action against defendant Allstate Indemnity Company asserting claims of breach of contract and negligence *per se*.  Am. Compl., ECF 12.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), as plaintiff is a resident of the state of Oregon, defendant is a foreign corporation, and the amount in controversy exceeds $75,000.  *Id.* ¶¶ 2-4.

      Defendant has moved to dismiss plaintiff's negligence *per se* claim and her request for punitive damages.[1]  Mot., ECF 13.  At the June 1, 2022 hearing, the court granted defendant's

---

[1] Defendant's motion does not implicate plaintiff's first claim, which alleges breach of contract by violating the express terms of the parties' agreement and an implied covenant of good faith and fair dealing.  *See* Mot. 3 n.1, ECF 13.

motion as it pertains to plaintiff's request for punitive damages.[2]  The court also indicated that it might defer ruling on defendant's motion regarding plaintiff's negligence *per se* claim until the Oregon Supreme Court decides the pending petition for review in *Moody v. Oregon Cmty. Credit Union*, 317 Or. App. 233 (2022)*; see also* Reply 3 n.1, ECF 20 (noting that the defendant in *Moody* has petitioned the Oregon Supreme Court for review).  However, upon further contemplation, the court concludes that postponing a decision on the motion would be contrary to the principles surrounding the timely resolution of claims and administration of justice.  Even if the Oregon Supreme Court chooses to accept review in *Moody*, a decision would likely take months, and perhaps even years.  Moreover, defendant's argument has merit.  Accordingly, for the reasons discussed below, defendant's motion as it pertains to plaintiff's negligence *per se* claim is GRANTED.

## I.    Legal Standards Regarding Motions to Dismiss

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[2] As the court indicated during the hearing, plaintiff may move to amend her complaint to include recovery for punitive damages if, during discovery, she uncovers evidence that would support such damages.

A Rule 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In evaluating a motion to dismiss, the court must accept all well-pleaded material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

## II.   Negligence *Per Se* Claim

Plaintiff is insured under one of defendant's renter's insurance policies. Am. Compl. ¶¶ 2, 6, ECF 12. While the policy was in effect, and on or around February 1, 2021, plaintiff suffered "accidental loss, including but not limited to, fire and smoke damage." *Id.* ¶ 8. Plaintiff claims her "losses suffered fall within various coverages of defendant's policy" and she "sought payment from defendant for all damages," but defendant "refused to pay all of plaintiff's losses." *Id.*

Defendant moves to dismiss plaintiff's negligence *per se* claim, arguing that because plaintiff did not suffer physical injury and does not qualify for an exception to the physical impact rule, Oregon law prohibits her from recovering non-economic damages associated with emotional distress.[3] Mot. 5-11, ECF 13. Plaintiff disagrees, arguing that the Oregon Court of Appeals' recent decision in *Moody* allows her claim to survive absent physical injury. Opp. 5-9, ECF 19.

---

[3] Though not implicated in this particular motion, defendant "disputes that Plaintiff (or any first party insured) may state a negligence *per se* claim based on violation of [O.R.S. § 746.230] and reserves all rights to raise such a challenge in the future." Mot. 6 n.2, ECF 13.

A negligence *per se* action is "a negligence claim based on violation of a standard of care set out by statute or rule." *Abraham v. T. Henry Const., Inc.*, 230 Or. App. 564, 57 (2009), *aff'd on other grounds*, 350 Or. 29 (2011) (citing *Gattman v. Favro*, 306 Or. 11, 15 n.3 (1988)). Plaintiff bases her negligence *per se* claim on a violation of O.R.S. § 746.230(1), which, in relevant part, bars "[a]n insurer or other person[s]" from: "[r]efusing to pay claims without conducting a reasonable investigation based on all available information"; "[f]ailing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted"; "[n]ot attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear"; "[c]ompelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants"; and "[a]ttempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application." *See* Am. Compl. ¶¶ 18-23, ECF 12; O.R.S. § 746.230(1)(e-h).

Oregon courts adhere to the physical impact rule, which requires an actual physical injury to support damages for emotional distress. *Paul v. Providence Health Sys.-Oregon,* 351 Or. 587, 597 (2012) (noting that Oregon courts consistently reject "claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury"). In *Hammond v. Cent. Lane Commc'ns Ctr.,* the Oregon Supreme Court identified three exceptions to the physical impact rule: the rule does not apply (1) "where the defendant intended to inflict severe emotional distress"; (2) "where the defendant intended to do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself"; and (3) "where the defendant's conduct infringed on

some legally protected interest apart from causing the claimed distress, even when that conduct

was only negligent." 312 Or. 17, 22–23 (1991). With regard to the third exception, the predicate

legally protected interest must be of "sufficient importance as a matter of public policy to merit

protections from emotional impact." *Tomlinson v. Metro. Pediatrics, LLC*, 275 Or. App. 658,

682 (2015), *aff'd*, 362 Or. 431 (2018) (citing *Lockett v. Hill*, 182 Or. App. 377, 380 (2002)).

At the outset, plaintiff concedes, solely for purposes of this motion, that she has not

suffered a physical injury.[4] *See* Opp. 5, ECF 19 (noting that "physical injury is not a required

element of [her] claim"). However, she argues that the Oregon Court of Appeals' recent

decision in *Moody* establishes "that an insurer's violation of the standard of care set forth at Or.

Rev. Stat. § 746.230(1) can give rise to a claim for negligence *per se* in connection with which

an affected insured may seek emotional distress damages." *Id.* Defendant disagrees, arguing

that *Moody* is silent on whether a negligence *per se* claim based on O.R.S. § 746.230(1) allows a

plaintiff who suffered no physical injury to recover emotional distress damages. Reply 3-5, ECF

20.

After a careful review, the court agrees with defendant's reading of the case. In *Moody*,

an insurance company denied a widow's claim for her husband's life insurance policy after he

was shot and killed by a friend during a camping trip. 317 Or. App. at 235. In response, the

widow sued the insurance company, alleging breach of contract and negligence *per se*,

specifically relying on a violation of O.R.S. § 746.230(1). *Id.* at 235-36. The trial court granted

the insurance company's motion to dismiss the negligence *per se* claim on grounds that Oregon

law does not "recognize such tort claims for what is essentially a breach of contract claim," and

---

[4] At the hearing, plaintiff indicated that she may have suffered a physical injury, but that for
purposes of this motion, her argument is that a physical injury is not required to sustain her
request for emotional distress damages.

then struck plaintiff's related request for damages associated with emotional distress.  *Id.* at 236.

On appeal, the Oregon Court of Appeals found that a plaintiff could sue an insurance company

under a negligence *per se* theory linked with an alleged violation of O.R.S. § 746.230(1), and

"conclude[d] that the trial court erred in dismissing plaintiff's negligence per se claim and

striking her allegation of emotional distress damages."  *Id.* at 248.

But while *Moody* clearly stands for the proposition that a plaintiff can bring a negligence

*per se* claim pursuant to O.R.S. § 746.230(1), in addition to a breach of contract claim, against an

insurance company, it is silent on whether that claim disturbs the physical impact rule described

above.  In the absence of such instruction from either the Oregon Supreme Court or Oregon

Court of Appeals, this court must use its "own best judgment in predicting how the state's

highest court would decide the case."  *Fiorito Bros. v. Fruehauf Corp.*, 747 F.2d 1309, 1314 (9th

Cir. 1984).[5]  And given the vast amount of Oregon Supreme Court caselaw that has repeatedly

upheld the physical impact rule and the three *Hammond* exceptions,[6] this court must apply

reasoning that recognizes both the physical impact rule and *Moody*.  Thus, this court concludes

that, while *Moody* allows a plaintiff to allege both breach of contract and negligence *per se* under

---

[5] Plaintiff reminds the court that "*Moody* is controlling precedent governing the decisions of the
trial courts in Oregon . . . and therefore is equally binding on this court sitting in diversity."  Opp.
8-9, ECF 19 (citations omitted).  Indeed, this court "must follow the decision of the intermediate
appellate courts of the state unless there is convincing evidence that the highest court of the state
would decide differently."  *Owen By and Through Owen v. United States*, 713 F.2d 1461, 1464
(9th Cir. 1983) (citations and internal quotation marks omitted).  But as stated above, *Moody* is
silent on whether a negligence *per se* claim brought under O.R.S. § 746.230(1) is exempt from
the physical impact rule and related *Hammond* exceptions.  Put differently, this court recognizes
*Moody*, but *Moody* does not address the issue implicated in defendant's motion.

[6] *See, e.g.*, *Norwest, By & Through Crain v. Presbyterian Intercommunity Hosp.*, 293 Or. 543,
559 (1982) (noting that the Oregon Supreme Court has "not yet extended liability for ordinary
negligence to solely psychic or emotional injury not accompanying any actual or threatened
physical harm or any injury to another legally protected interest"); *Philibert v. Kluser*, 360 Or.
698, 701-02 (2016) (declining to adopt alternatives to the physical impact rule).

O.R.S. § 746.230(1) against an insurance company, a plaintiff must still demonstrate either physical injury or a *Hammond* exception to receive damages for emotional distress.

Plaintiff disagrees with this interpretation, arguing that *Moody* "unambiguously stands for the proposition that an insured who suffers emotional distress as a result of an insurer's violation of the standard of conduct codified at Section 746.230(1) may recover damages for that emotional distress in the absence of physical injury." Opp. 7, ECF 19. She specifically points to the *Moody* court's remarks that the two issues raised on appeal—(1) whether the plaintiff could maintain a separate negligence *per se* claim with a breach of contract action, and (2) whether the plaintiff's claim for emotional distress damages was viable—were "necessarily intertwined." *Id.* (citing *Moody*, 317 Or. App. at 235-36). That much is true: the *Moody* plaintiff's claim for emotional distress damages stemmed from her negligence *per se* claim, and thus, the two issues were linked together on appeal. *See Moody*, 317 Or. App. at 235 ("[Plaintiff] further alleges that she is entitled to damages for the emotional distress resulting from defendant's negligence."). But just because the claims *relate* to each other does not mean that the physical impact rule and *Hammond* exceptions are invalidated. Moreover, the *Moody* court did not contemplate whether a negligence *per se* claim under O.R.S. § 746.230(1) that featured only emotional distress damages could survive absent a *Hammond* exception.

Of course, the absence of a physical injury does not prevent plaintiff from recovering for emotional distress damages—plaintiff must instead qualify for one of the three *Hammond* exceptions. The only exception applicable[7] to the present dispute is the third: "where the

---

[7] The other *Hammond* exceptions require either an intent to inflict severe emotional distress or an intent to "do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself." 312 Or. at 23. Plaintiff's Amended Complaint generally pleads negligent, not

defendant's conduct infringed on some legally protected interest apart from causing the claimed

distress, even when that conduct was only negligent." *Hammond*, 312 Or. at 23. As previously

noted, even when a plaintiff identifies a protected interest that is distinct from the harms the

plaintiff experienced, "the predicate legally protected interest" must be of "sufficient importance

as a matter of public policy to merit protections from emotional impact." *Tomlinson*, 275 Or.

App. at 682 (citing *Lockett*, 182 Or. App. at 380).[8] Plaintiff claims that her "interest in the

protections of Section 746.230(1) is precisely the sort of legally protected interest that permits

recovery of emotional distress damages . . . without any allegation of accompanying physical

injury." Opp. 8, ECF 19.

But while the Oregon legislature has codified plaintiff's alleged legally protected interest

as law, *see* O.R.S. § 746.230(1), courts have declined to find that claims of emotional distress

stemming from an insurance coverage dispute qualify for a *Hammond* exception. *See, e.g.*,

*Collver v. Salem Ins. Agency, Inc.*, 132 Or. App. 52, 64-66 (1994) (denying plaintiff's claim for

emotional distress damages associated with an insurance company's denial of coverage—and

related loss of driver's license—because "the invaded interest is chiefly an economic one");

*Mayes v. Am. Hallmark Ins. Co. of Texas*, No. 1:21-CV-01198-CL, 2021 WL 6127887, at *1 (D.

Or. Nov. 15, 2021), *report and recommendation adopted*, No. 1:21-CV-01198-CL, 2021 WL

---

intentional, conduct, and she does not apply either of these *Hammond* exceptions in her
Opposition to defendant's Motion. *See* Am. Compl., ECF 12; Opp. 8, ECF 19.

[8] Plaintiff characterizes the third *Hammond* exception as a lenient inquiry, claiming that "Oregon
courts have found that a plaintiff may claim damages for purely emotional distress where the
defendant negligently caused the plaintiff's distress in violation of *virtually any* 'legally
protected interest.'" Opp. 8, ECF 19 (emphasis added) (quoting *Curtis v. MRI Imaging Servs. II*,
148 Or. App. 607, 614 (1997)). This characterization is inaccurate, and if anything, the opposite
is true. Oregon courts "have *never said* that the mere existence of a legally protected interest is
sufficient to allow a plaintiff to recover emotional distress damages in the absence of a physical
injury." *Collver v. Salem Ins. Agency, Inc.*, 132 Or. App. 52, 64 (1994) (emphasis added).

6125796 (D. Or. Dec. 28, 2021) (dismissing plaintiff's claim of "mental distress" associated with an insurance company's denial of his claim because alleged "frustrat[ion]" and "mental distress" was not sufficient injury). Indeed, as defendant points out, courts have refused to recognize a variety of other arguably important public interests under the third *Hammond* exception. *See, e.g.*, *Alford v. City of Cannon Beach*, No. CV-00-303-HU, 2000 WL 33200554, at *19 (D. Or. Jan. 17, 2000) (refusing to recognize an exception for violations of anti-discrimination laws); *McCulloch v. Price Waterhouse LLP*, 157 Or. App. 237, 250-52 (1998) (declining to find an exception for receiving negligent financial advice, even when the accountant recklessly violated fiduciary obligations); *Hilt v. Bernstein*, 75 Or. App. 502, 514-15 (1985) (refusing to find an exception for an attorney's alleged negligence that resulted in the loss of the client's home). As the Oregon Supreme Court has recognized, "Oregon allows recovery for emotional distress without accompanying physical injury *under narrow circumstances*." *Rathgeber v. Hemenway, Inc.*, 335 Or. 404, 414, (2003) (emphasis added). This court's decision aligns with decisions of other courts, which, when presented with similar scenarios, have refused to find a *Hammond* exception exists.

In the absence of alleged physical injury, as well as the absence of a *Hammond* exception, plaintiff cannot recover the emotional distress damages that she seeks for her negligence *per se* claim, as it is currently alleged in the Amended Complaint. *See* Am. Compl. ¶¶ 22, 23(b)(i). Therefore, plaintiff's motion (ECF 13) is granted, and the negligence *per se* claim is dismissed without prejudice.

//

//

//

**ORDER**

Defendant's motion (ECF 13) as it pertains to plaintiff's negligence *per se* claim is

GRANTED and that claim is dismissed without prejudice.

DATED  June 3, 2022.


_____
        /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge