UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KELLY BRYANT,

          Plaintiff,

   v.

ALLSTATE INDEMNITY COMPANY,

          Defendant.

Case No. 3:22-cv-00201-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Kelly Bryant brings this action against defendant Allstate Indemnity Company, asserting claims for breach of contract (first claim), intentional misrepresentation (second claim), intentional infliction of emotional distress ("IIED") (third claim), and negligence *per se* (fourth claim), based on defendant's handling of plaintiff's insurance claim for damages caused by a fire. Defendant has filed a Motion to Dismiss (ECF 30) pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff's claims for intentional misrepresentation, IIED, and negligence *per se* should be dismissed. As discussed below, the motion is granted as to the intentional misrepresentations and IIED claims, and a decision with respect to plaintiff's negligence *per se* claim is held in abeyance pending the Oregon Supreme Court's decision in *Moody v. Oregon Cmty. Credit Union*, 317 Or. App. 233, *review allowed,* 369 Or. 855 (2022).

1 – OPINION AND ORDER

I.        **Motion to Dismiss Standards**

A motion to dismiss under Rule 12(b)(6) requires the court to examine whether the complaint contains sufficient factual allegations to show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing FED. R. CIV. P. 8(a)(2)).  While a complaint need not contain "detailed factual allegations," "formulaic recitation[s] of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" are not sufficient.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  In the absence of a cognizable legal theory or sufficient facts to support a cognizable legal theory, the claim should be dismissed.  *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).  To survive a motion to dismiss, the plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Additionally, "a claim of intentional misrepresentation is subject to the requirements of Rule 9(b)." *Gregory Funding LLC v. Saksoft, Inc.*, No. 3:16-CV-480-SI, 2016 WL 4480693, at *6 (D. Or. Aug. 24, 2016).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Such claims are subject to a heightened pleading standard, and must be pleaded with particularity, describing "'the who, what, when, where, and how of the misconduct charged,' including what is false or misleading about a statement, and why it is false." *Puri v. Khalsa*, 674 F. App'x. 679, 687 (9th Cir. 2017) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

In deciding a motion to dismiss under Rule 12(b)(6), the court accepts all allegations of material fact as true and construes all inferences in the light most favorable to the nonmoving party.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In addition to the factual allegations in the complaint, the court may consider documents "whose contents are

alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," including documents the defendant attaches to its motion to dismiss. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court need not accept as true factual allegations that contradict documents properly subject to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

II.     Background Facts Alleged in Second Amended Complaint

Defendant sold plaintiff a renters policy through which defendant insured plaintiff's personal property and agreed to pay for accidental losses, including, but not limited to fire and smoke damage, as well additional living expenses ("ALE"). Second Am. Compl. ¶¶ 6–7, ECF 29. ¶ 7. The policy further states that "in the event of a loss to any property that may be covered by this policy, [plaintiff] must" provide defendant with a "detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed" and "all accounting records, bills, invoices and other vouchers, or certified copies, which [Allstate] may reasonably request to examine," and that plaintiff must "submit to examinations under oath" as often as defendant reasonably requires. Case Decl., Ex. A, at 9, ECF 31.

On February 1, 2021, plaintiff suffered a covered loss. Second Am. Compl. ¶ 8, ECF 29. Plaintiff submitted a claim to defendant for all damages. The parties communicated about plaintiff's insurance claim on multiple occasions between February 4, 2021, and January 20, 2022. *Id.* at ¶ 21. On February 4, 2021, defendant informed plaintiff that she was "require[d]" to submit a proof of loss form that stated the "price, place and date of purchase and value" of the claimed lost property and provide "any and all evidence, such as invoices, canceled checks, and receipts." *Id.* at ¶ 21(g), (h). Plaintiff and her family members informed defendant that plaintiff

was assaulted two weeks prior to the loss, which impacted her "memory and ability to concentrate." *Id.* at ¶ 24–25. By letter dated April 29, 2021, defendant repeated its requirement that plaintiff provide proof of loss. *Id.* at ¶ 26(a). On April 30, 2021, defendant's adjuster informed plaintiff that she had not met the policy provisions on proof of loss. *Id.* at ¶ 26(b). Defendant again requested that plaintiff provide documentation of dates of purchase and amounts paid for her personal property on August 27, 2021. *Id.* at ¶ 26(c). Defendant ultimately denied plaintiff's claim, on December 30, 2021, for failure to comply with proof of loss requirements. *Id.* at ¶ 26(d).

### III.   Discussion

#### A.   Intentional Misrepresentation Claim

To state an intentional misrepresentation claim, a plaintiff must allege "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Webb v. Clark*, 274 Or. 387, 391 (1976) (internal quotations omitted).

Plaintiff alleges that "[d]efendant's directive to plaintiff regarding her putative proof of loss obligations . . . was an intentional misrepresentation of Oregon law." Second Am. Compl. ¶ 22, ECF 29. Plaintiff claims that Oregon law requires only a minimal showing of proof of loss, but defendant "require[d]" plaintiff to return an inventory form that "state[d] the price, place and

date of purchase and value" for her lost property and accompanying "evidence, such as invoices, canceled checks, and receipts."[1]  Second Am. Compl. ¶¶ 21–22, ECF 29.

But, even accepting all allegations in the complaint as true, defendant's alleged statements to plaintiff merely reflected the terms of the parties' insurance contract.  Even when construed in the light most favorable to plaintiff, these statements do not indicate that defendant's misrepresented Oregon law.  Because plaintiff has not alleged that defendant made a false statement, this claim fails.

B. **Intentional Infliction of Emotional Distress (IIED) Claim**

To assert an IIED claim, a plaintiff must show that "(1) the defendant intended to inflict severe emotional distress, (2) the acts were the cause of plaintiff's severe emotional distress, and (3) the acts were sufficiently grievous to constitute a transgression of the bounds of socially tolerable conduct." *Dawson v. Entek Int'l*, 630 F.3d 928, 941 (9th Cir. 2011) (citing *Delaney v. Clifton,* 180 Or. App. 119, 129–30 (2002)).  The court determines, in the first instance, whether a defendant's conduct rises to the level of misconduct that would sustain an IIED claim. *McManus v. Auchincloss*, 271 Or. App. 765, 781 (2015) (citing *Pakos v. Clark,* 253 Or. 113, 132 (1969)); *see also Dawson*, 630 F.3d at 941.  The threshold for liability is evaluated on a case-by-case basis. *Rockhill v. Pollard,* 259 Or. 54, 60 (1971).  Behavior that is "rude, boorish, tyrannical, churlish and mean" is not sufficient. *Patton v. J.C. Penney Co.*, 301 Or. 117, 124 (1986), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or. 532 (1995).

---

[1] Plaintiff acknowledges that the remaining allegations in paragraphs 21(a) through (d) and 27 are not allegations of actionable misrepresentations, but "actions Allstate took in order to induce Bryant's reliance on its representations.  Opp. 12 n.5, ECF 35.  This discussion, therefore, focuses on plaintiff's claimed misrepresentation—namely, defendant's statements on proof of loss requirements.

5 – OPINION AND ORDER

The Ninth Circuit has recognized that "Oregon courts have previously rejected IIED claims where the conduct at issue was an insurance company denying benefits to an individual." *Allstate Ins. Co. v. Breeden*, 410 F. App'x 6, 10 (9th Cir. 2010). "A difference of opinion as to the meaning and application of the terms of a contract could rarely, if ever, amount to outrageous conduct." *State Farm Mut. Auto. Ins. Co. v. Berg*, 70 Or. App. 410, 418 (1984) (holding plaintiff had no claim for emotional distress damages where insurer's refusal to pay PIP benefits made her unable to pay necessary medical expenses, leading to harassment by service providers). The Ninth Circuit has found no valid IIED claim existed even where the insurer actively concealed unfavorable evidence to pressure the insured into taking a low settlement offer; while "reproachful," such conduct did not constitute "an extraordinary transgression of the bounds of socially tolerable conduct." *Pittman v. Travelers Indem. Co.*, 286 F. App'x 449 (9th Cir. 2008). By contrast, in *Green v. State Farm Fire & Cas. Co.*, 667 F.2d 22, 23 (9th Cir. 1982), the Ninth Circuit recognized a valid IIED claim where the insurer baselessly threatened the insured with criminal charges, took and delivered the insured's testimony to the police on a false pretense, and represented to the insured's neighbors that the insured set the fire that caused his losses.

At the outset, both parties appear to acknowledge that a mere dispute over an insurance claim will not give rise to an IIED claim. *See* Mot. Dismiss 20, ECF 30; Opp. 18, ECF 35. Plaintiff asserts that her IIED claim is distinguishable from a bare insurance claim denial because defendant misrepresented plaintiff's proof of loss obligations and defendant's conduct fell below the requisite standard of care for insurers. Opp. 18, ECF 35. As discussed above, plaintiff has failed to plead a plausible claim that defendant made such a misrepresentation about Oregon law. Absent the misrepresentation claim, plaintiff's intentional infliction of emotional distress claim is reduced to a garden-variety insurance claim dispute. The facts here do not approach the

threatening or abusive behavior in *Green* and are instead more akin to the scenario in *Pittman*, where defendant is alleged to have knowingly, improperly denied coverage and delayed in paying plaintiff, causing plaintiff to suffer financial harm. Second Am. Compl. ¶¶ 36(a)–(d). Thus, plaintiff has not made out an IIED claim on the facts alleged.

### C. Negligence *Per Se*

Relevant to the determination of whether plaintiff may bring a negligence *per se* claim is the Oregon Appellate court's ruling in *Moody v. Or. Cmty. Credit Union*, 317 Or. App. 233 (2022), which the parties reference in their briefing. Plaintiff's negligence *per se* claim follows the same framework as the claim in *Moody*. There, the court analyzed whether a plaintiff could bring a negligence *per se* claim against an insurer for impermissible claim settlement practices in violation of O.R.S. 746.230. *Id.* at 240.

On June 23, 2022, the Oregon Supreme Court accepted review in *Moody*, and oral argument was held on November 17, 2022. In light of the Oregon Supreme Court's forthcoming decision in this case, and because this court is bound by the Oregon Supreme Court's ruling on Oregon law, *see In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990), it makes sense for purposes of judicial economy to hold in abeyance any decision on plaintiff's negligence *per se* claim and derivative prayer for punitive damages.

### ORDER

Defendant's Motion to Dismiss (ECF 30) is granted as to plaintiff's claims for intentional misrepresentation (second claim) and intentional infliction of emotional distress (third claim).

//

//

7 – OPINION AND ORDER

The motion is held in abeyance pending the Oregon Supreme Court's decision in *Moody v. Oregon Cmty. Credit Union*, 317 Or. App. 233, *review allowed,* 369 Or. 855 (2022).

DATED  January 25, 2023.

                                                    /s/ Youlee Yim You
                                           Youlee Yim You
                                           United States Magistrate Judge